IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ARNOLD L. MCGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )   Civil Action No. 2:16cv313-WHA |
| WAL-MART STORES, INC.; WAL-MART | ) |
| STORES EAST, L.P.; GEORGE | )   (wo) |
| MORRIESSETT, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is before the court on a Motion to Dismiss (Doc. #6), filed by the Defendants, Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and George Morrissette.

The Plaintiff filed a Complaint in this case on May 1, 2016. In the Complaint, the Plaintiff, a citizen of Alabama, brings claims of negligence and wantonness against Defendants Wal-Mart Stores, Inc.; Wal-Mart Stores East, L.P.; and George Morrissette, who, according to the Complaint, is a citizen of Alabama. The Plaintiff's claims stem from an improperly negotiated check in the amount of $1,119.00.   The Plaintiff invokes diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The Defendants move for dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).   They state that there is no diversity of citizenship; the requisite amount is not in controversy; and that although the Complaint was filed one day before the expiration of the two year statute of limitations, the Plaintiff waited 60 days before taking any steps to effect service, and filed a summons on July 1, 2016.   The Defendants contend that the Complaint is due to be dismissed for lack of subject matter jurisdiction, as untimely under the applicable statute of

1

limitations, and for failure to state a claim.

A Rule 12(b)(1) motion challenges the district court's subject matter jurisdiction. A "facial attack" on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

Under 28 U.S.C. §1332(a), diversity jurisdiction is conferred on district courts in civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).

In response to the Defendants' jurisdictional arguments, the Plaintiff suggests that it would be a manifest injustice to dismiss the case, and rather than a motion to dismiss, a motion for more definite statement would have been appropriate.

Federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1095 (11th Cir. 1994). The Complaint in this case, on its face, names a non-diverse Defendant and seeks unspecified damages for the improper negotiation of a $1,119.00 check, which is well below the jurisdictional amount. The Plaintiff, the party seeking jurisdiction in this case, has not met his burden to show that this case falls within 28 U.S.C. §1332(a), or any other statute

authorizing jurisdiction in this court. Therefore, it is hereby

ORDERED that the Motion to Dismiss (Doc. #6) is GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

Done this 7th day of September.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE